IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| HAWLEY, LLC | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:17cv212-HSO-JCG |
| | § | |
| GREEN CANYON OUTFITTERS, LLC, | § | |
| and JAMES EDWARD MARLOWE | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S [31] MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion [31] for Summary Judgment filed by Plaintiff Hawley, LLC. After due consideration of the Motion, related pleadings, the record, and relevant legal authority, the Court finds that Plaintiff's Motion [31] for Summary Judgment should be granted and judgment should be rendered in Plaintiff's favor against Defendants Green Canyon Outfitters, LLC and James Edward Marlowe.

I. BACKGROUND

A. Factual background

Plaintiff Hawley, LLC ("Plaintiff" or "Hawley") is a wholesale distributor of bicycle parts and accessories. Application [31-2] at 1. On January 25, 2013, Defendant Green Canyon Outfitters, LLC ("Green Canyon") applied for a Hawley business/credit account line of credit for merchandise. *Id.* at 1-2. The application form with Hawley provided, in relevant part, that

> [i]n consideration of credit being extended by Hawley, LLC to the afore named applicant for merchandise to be purchased whether applicant be an individual(s), a proprietorship, a partnership, a corporation, or other entity, the undersigned guarantor or guarantors each hereby contract and guarantee to Hawley the faithful payment, when due, of all accounts of said applicant for purchases made after the date of this application. This is a continuing guarantee and shall remain in force until revoked by Hawley in writing. Such revocation shall be effective only as to claims which arise subsequent to such notice. This guarantee is unconditional. Its purpose is to pledge the personal credit and assets of the signer(s) for all credit extended to the Credit Applicant by Hawley until all debt is paid in full.
> . . . .
> Should the undersigned default, your company and all individuals who personally guarantee your company's payment of account agree to pay late service charges at the maximum rate allowed by law but not to exceed 1.5% per month on the outstanding balance, and at Hawley's discretion, all amounts owed shall become immediately due and payable. In the event your account requires legal action or the services of a collection agency, you are responsible for all fees that accrue from such action.

*Id.* at 2. James Brennan Marlowe ("James Brennan") and Defendant James Edward Marlowe ("Defendant Marlowe" or "James Edward") both signed the application as owners and guarantors of Green Canyon. *Id.* at 2. Hawley initially approved a $10,000.00 credit limit. *See* E-Mail [31-3] at 1.

When Green Canyon's account with Hawley fell into arrears, Hawley submitted demand letters to Green Canyon, James Brennan, and Defendant Marlowe. *See* Letter [1-5] at 1-2; Letter [1-6] at 1; Letter [1-7] at 1. On June 7, 2017, James Brennan filed bankruptcy under Chapter 7 of the United States Bankruptcy Code. *See* Notice [31-6] at 1. According to Hawley, Defendant Marlowe has refused to pay for the goods it provided to Green Canyon. Defendant Marlowe has denied that "he is obligated for any amount other than the $10,000.00

consistent with the contractual agreement that he entered into with Hawley." *See* Def.'s Resps. to Pl.'s Requests for Admissions [31-7] at 3.

B. <u>Procedural history</u>

On July 31, 2017, Hawley filed a Complaint [1] against Defendants Green Canyon and James Edward Marlowe asserting claims for breach of contract and breach of fiduciary duty. *See* Compl. [1] at 2-3. Green Canyon has not answered the Complaint, and the Clerk of Court has entered a default [15] against it.

Hawley has now filed a Motion [31] for Summary Judgment seeking entry of a judgment against Green Canyon and Defendant Marlowe, jointly and severally, for the current outstanding debt of $202,562.43, plus collection agency and attorneys' fees incurred by Hawley in an amount to be determined by the Court at a later date. *See* Pl.'s Mem. [32] at 7. Defendant Marlowe does not dispute that he is responsible for $10,000.00 under the terms of the agreement, but he argues there is a genuine dispute of material fact regarding whether he is liable beyond that amount. *See* Def.'s Resp. [35] at 2-4.

## II. <u>DISCUSSION</u>

A. <u>Summary judgment standard</u>

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is one that might affect the outcome of the suit under governing law, and a dispute is "genuine" if a jury could return a verdict for

3

the non-movant based upon the evidence in the record. *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018).

If the party seeking summary judgment shows the non-movant's case lacks support, the non-movant is tasked with coming forward with "specific facts" showing a genuine factual issue for trial. *Id.* A court considering a summary judgment motion "must view the evidence in the light most favorable to the non-moving party, drawing all justifiable inferences in the non-movant's favor." *Id.* (quotation omitted). However, if a non-movant's evidence is "merely colorable" or "not significantly probative," summary judgment is appropriate. *Certain Underwriters at Lloyd's of London v. Lowen Valley View, LLC*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

B. <u>Relevant Mississippi law</u>

Because this case arises under the Court's diversity jurisdiction, it is governed by the substantive law of the forum state, Mississippi. *See State Farm Mut. Auto. Ins. Co. v. LogistiCare Sols., LLC,* 751 F.3d 684, 688 (5th Cir. 2014) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). A breach-of-contract claim under Mississippi law has two elements: (1) the existence of a valid and binding contract; and (2) a showing that the defendant has broken or breached it. *Maness v. K & A Enterprises of Mississippi, LLC*, 250 So. 3d 402, 414 (Miss. 2018), *reh'g denied* (Aug. 9, 2018). When interpreting a contract, a court first examines the four corners of the agreement, and if its language is clear and unambiguous, the agreement must be enforced as written. *Woodruff v. Thames*, 143 So. 3d 546, 554

4

(Miss. 2014).

> [A] guaranty contract possesses the following characteristics: (1) A guarantor is secondarily liable to the creditor on his contract and his liability is fixed only by the happening of the prescribed conditions at a time after the contract itself is made; (2) the contract of a guarantor is separate and distinct from that of his principal, and his liability arises solely from his own contract, although its accrual depends on the breach or performance of a prior or collateral contract by the principal therein; (3) a guarantor enters into a cumulative collateral engagement, by which he agrees that the principal is able to and will perform a contract which he has made or is about to make, and that if he defaults the guarantor will, on being notified, pay the resulting damages—i.e., a guarantor is an insurer of the ability or solvency of the principal, although this characteristic is not present in an absolute guaranty or a guaranty of payment, but only in a conditional guaranty or a guaranty of collection; and (4) except where the guaranty is absolute, generally the guarantor is entitled to notice of the default of the principal.

*Assocs. Commercial Corp. v. Parker Used Trucks, Inc.*, 601 So. 2d 398, 402 (Miss. 1992) (quotation omitted).

A guaranty of payment that is absolute and unconditional requires no condition precedent to its enforcement against the guarantor other than mere default by the principal debtor. *Brown v. Hederman Bros., LLC*, 207 So. 3d 698, 702 (Miss. Ct. App. 2016). An individual guarantor is immediately liable upon a borrower's default. *Bosarge v. LWC MS Properties, LLC*, 158 So. 3d 1137, 1143 n.5 (Miss. 2015).

C. <u>Hawley's claim against Defendant Marlowe</u>

Defendant Marlowe does not contest that he agreed to guarantee payment of up to $10,000.00 in credit on Green Canyon's account with Hawley. Nor does he contest that Green Canyon is in default. The pertinent question is whether

5

Defendant Marlowe agreed to guarantee anything beyond the original $10,000.00 credit limit.

The guaranty signed by Defendant Marlowe set forth no limit on the amount of credit that could be extended. *See* Application [31-2] at 2. Instead, it guaranteed faithful payment of Green Canyon's account with Hawley when due for all purchases made after the date of the application, which was January 25, 2013. *Id.* This appears to be an unconditional and unlimited guaranty. *See id.*

Based upon the first page of the credit application, Green Canyon apparently originally requested $10,000.00 as its credit limit. *See id.* at 1. It is undisputed that the credit limit was subsequently increased, and the total outstanding debt is now $202,562.43. Defendant Marlowe cites no limiting language from within the four corners of the contract pertaining to any purported $10,000.00 ceiling for his own liability, and the Court has found no such provision. *See id.* at 1-2. Nor has Defendant Marlowe cited any provision that required Hawley to notify him of credit increases or to secure his consent for increases in the amount of credit extended to Green Canyon.

Based upon the plain and unambiguous language of the unconditional guaranty of payment, the Court finds that there can be no genuine dispute of material fact and that Hawley is entitled to judgment as a matter of law on its claim against Defendant Marlowe based upon his personal guaranty. Judgment will be entered against Defendant Marlowe in the amount of $202,562.43.

D.  Hawley's claim against Green Canyon

Green Canyon Outfitters, LLC, has not appeared, and on December 12, 2017, the Clerk docketed an Entry of Default [15] as to Green Canyon. Entry of Default [15] at 1. On January 12, 2018, Plaintiff filed a Motion [17] for Default Judgment as to Green Canyon, which the Court denied without prejudice until such time as Hawley's claims against Defendant Marlowe were adjudicated. *See* Order [18] at 4.

Hawley's Motion for Summary Judgment asks the Court to enter a judgment against Green Canyon and Defendant Marlowe jointly and severally in the amount of the $202,562.43 due as of the date the Motion was filed. *See* Pl.'s Mem. [32] at 7 (requesting that judgment be entered "against both Green Canyon Outfitters, LLC and James Edward Marlowe, jointly and severally, for $202,562.43 plus collection agency and attorneys' fees incurred by Hawley to be determined by the Court at a later date"). In light of the Court's ruling as to the claims against Defendant Marlowe, and in light of Green Canyon's default, the Court will enter judgment against Green Canyon.

III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [31] for Summary Judgment filed by Plaintiff Hawley, LLC is **GRANTED**, and judgment will entered in favor of Plaintiff Hawley, LLC, against Defendants Green Canyon Outfitters, LLC and James Edward Marlowe in the amount of $202,562.43.

7

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 1st day of March, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE